### HENRY CAUBLE v. JOHN A. BOYDEN.

The finding of certain facts by a Justice of the Peace, on the trial of an action in which the recovery is for less than $25, is final, and not the subject of review by the Judge or the Superior Court.

CIVIL ACTION, tried by his Honor, *Cloud, J.,* at Chambers, November 20th, 1872, at the Superior Court of ROWAN county.

Plaintiff brought his action in a Justice's Court, for the recovery of $35, due for work and labor done.

The defense was, that there was a written contract con-concerning the work, the terms of which had been complied with by defendant, he insisting that such fact excluded the introduction of parol evidence. The Justice found as a fact, that after the completion of the terms of the written contract, a parol contract was made, and allowed the plaintiff to prove it, after objection by defendant.

Judgment was rendered in favor of the plaintiff for $23.75, from which defendant appealed. Judge CLOUD affirmed the judgment, and defendant again appealed.

*Bailey,* for appellant.
*Jones & Jones,* contra.

RODMAN, J. The plaintiff brought an action before a Justice in the nature of a *quantum meruit,* for work and labor done. The defendant alleged that it was done under a written contract, which had been paid in full, and offered the contract and receipt of the plaintiff in evidence. The Justice excluded it. This exclusion must have been because the Justice found as a fact that the work claimed for, was independent of the contract, and that the contract did not touch plaintiff's claim. His judgment on this point (being on a matter of fact) was final, the sum found due being less

than $25, and was not subject to review by the Superior Court or the Judge.

We do not understand the record to say that the Judge undertook to review it. He states, as we understand him, that he found that the Justice had found the fact that the plaintiff's claim was outside of the written contract, and that notwithstanding the contract, plaintiff was entitled to recover $23.75. He therefore affirmed the judgment of the Justice. There was no error in this.

Judgment affirmed, and judgment here accordingly.

PER CURIAM.                    Judgment affirmed.